IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORINZA BLACK, #159964, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09-CV-1043-MEF |
| ) | [WO] |
| ) | |
| WILLIE THOMAS, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Lorinza Black ["Black"], a state inmate, on November 9, 2009.[1] In this petition, Black challenges a felony conviction for possession of a controlled substance (cocaine) imposed upon him by the Circuit Court of Lee County, Alabama pursuant to his guilty plea on March 21, 2006.[2] On this same date, the trial court sentenced Black as an habitual

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Black certified he placed the petition in the prison mail system on November 9, 2009. *Petition for Writ of Habeas Corpus Relief - Court Doc. No.* 1 at 15. In light of the foregoing and for purposes of the proceedings herein, the court considers November 9, 2009 as the date of filing.

[2] Black initially entered guilty pleas on October 19, 2005 to possession of marijuana for personal use in violation of *Ala. Code* § 13A-12-214(a) and possession of a controlled substance, cocaine, in violation of *Ala. Code* § 13A-12-212(a)(1). The controlled substance statute codified at *Ala. Code* § 13A-12-212 does not apply to offenses involving marijuana because other statutes deal solely with marijuana and an individual cannot be charged with possession of marijuana under this code section. *Ransaw v. State*, 568 So.2d 363, 364-365 (Ala.Cr.App. 1990); *English v. State*, 603 So.2d 1128, 1131 (Ala.Cr.App. 1992) (possession of marijuana is a separate and distinct offense from unlawful possession of a controlled substance as defined in *Ala. Code* § 13A-12-212). Based on a motion to set aside guilty pleas filed by Black on January 6, 2006, *Respondents' Exhibit D - Court Doc. No. 17-4* at 1, the trial

offender to fifteen years imprisonment.[3]  The conviction for possession of cocaine became final by operation of law on May 2, 2006.

Pursuant to the orders of this court, the respondents filed answers in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1). The respondents contend that because Black's controlled substance conviction under *Ala. Code* § 13A-12-212 became final in 2006 -- after the effective date of the statute of limitations -- Black must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the

---

court granted Black's motion and set aside each of these convictions on February 17, 2006. *Respondents' Exhibit E - Court Doc. No. 17-5*. On March 21, 2006, Black entered a plea of guilty to possession of a controlled substance, cocaine, after which the trial court *nol prossed* the charge for possession of marijuana. *Respondents' Exhibit F - Court Doc. No. 17-6* at 1-3. Thus, the only conviction imposed upon Black by the Circuit Court of Lee County, Alabama on March 21, 2006 and the only conviction subject to challenge in this federal habeas action is one for possession of a controlled substance. *Respondents' Exhibit K - Court Doc. No. 21-4* at 1. Black erroneously believes his incarceration is based on the possession of marijuana charge because the inmate summary sheet generated for internal use by the Alabama Department of Corrections initially listed the relevant case number as Lee County CC-05-710 - the number assigned the marijuana charge, rather than Lee County CC-05-710.01 - the number assigned the possession of cocaine charge, *Petitioner's Exhibit 1 to the Initial Response - Court Doc. No. 23-1* at 2, and correctional officials did not correct this clerical error on the time sheet until April of 2010. *Petitioner's Exhibit 1 to the Amendment to the Response - Court Doc. No. 24-1*. However, the inmate summary sheet always correctly identified the nature of this conviction as possession of a controlled substance, which by statutory definition does not include an offense regarding possession of marijuana. Nevertheless, the inmate summary sheet is in no way determinative of the conviction imposed upon Black by the Circuit Court of Lee County on March 21, 2006 as such is established exclusively by the records of the aforementioned court and these records clearly demonstrate the sole conviction imposed upon Black on March 21, 2006 was one for possession of a controlled substance, to wit cocaine, in violation of *Ala. Code* § 13A-12-212(a). *Respondents' Exhibit F - Court Doc. No. 17-6* at 1-3.

[3] At his March 21, 2006 guilty plea, Black submitted an affidavit in which he admitted having three prior felony convictions for purposes of sentencing under the Habitual Felony Offender Act. *Ala. Code* § 13A-5-9, *et seq*. *Respondents' Exhibit L - Court Doc. No. 21-5*. Possession of a controlled substance is a Class C felony. *Ala. Code* § 13A-12-212(b). Upon conviction of a Class C felony, "when it is shown that a criminal defendant has been previously convicted of any three felonies ... he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years...." *Ala. Code* § 13A-5-9(c)(1). The fifteen-year sentence imposed upon Black for possession of cocaine clearly fell within the range of punishment allowed by state law and, in fact, constituted the minimum term of incarceration permitted.

2

state courts. The respondents assert Black failed to file a state post-conviction action which statutorily tolled the limitation period. As support for this assertion, the respondents maintain Black did not file a Rule 32 petition or other state collateral action challenging his possession of cocaine conviction imposed on March 21, 2006. The respondents argue the state habeas corpus petitions filed *pro se* by Black on November 11, 2005 and December 11, 2005 did not relate to the constitutionality of the conviction entered against him on March 21, 2006 and therefore had no affect on the running of the applicable federal limitation period.[4] *Respondents' Supplemental Answer - Court Doc. No. 21* at 1-2. The respondents further argue the guilty plea entered by Black on March 21, 2006 "represents a break in the chain of what ... proceeded it in the criminal process ... [and] must be taken to represent [relinquishment of] any challenge to events in the prior criminal process." *Id*.

A review of these state habeas petitions reveals the initial petition filed in November of 2005 challenged the constitutionality of his arrest and the admissibility of evidence obtained during the attendant search conducted pursuant to this arrest.[5] (Attach. # 1,

---

[4] Although the state court stamped the actions filed on November 15, 2005 and December 13, 2005, it is clear Black submitted the petitions to prison officials for mailing prior to such date. "Alabama courts have [adopted the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 271-271 (1988) and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, [other relevant post-conviction motion] or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002). Black certified he mailed the petitions on November 11, 2005, *Respondents' Exhibit H - Court Doc. No. 21-1* at 4, and December 11, 2005, *Respondents' Exhibit I - Court Doc. No. 21-2* at 13, respectively. The court therefore considers the aforementioned dates as the dates of filing for Black's post conviction petitions attacking his October 19, 2005 convictions. The court has likewise applied this rule to the motion for review filed *pro se* by Black in February of 2006.

[5] The arrest, search and seizure claims are raised by Black in this federal habeas petition and relate to actions that occurred in December of 2004 for which indictments issued against Black in September of 2005 for possession of marijuana for personal use in violation of *Ala. Code* § 13A-12-214 and possession of a cocaine in violation of *Ala.*

3

Supplemental Answer, doc. # 21)  In addition to claims challenging the admissibility of evidence arising from the arrest and search, the second habeas petition also questioned the validity of Black's October 19, 2005 guilty pleas.  In a motion for review filed February 14, 2006, Black requested a favorable ruling on his prior habeas petitions.

   As previously noted, the trial court on January 6, 2006 set aside the guilty pleas entered by Black on October 19, 2005 to allow Black an opportunity to seek suppression of the evidence obtained during his arrest.  Thus, upon recision of the October 19, 2005 guilty pleas, the claims presented by Black in the second state petition arising from these pleas no longer provided a basis for relief in state court.  After conclusion of pre-trial proceedings about the admissibility of the evidence seized from Black during his arrest, Black entered a guilty plea to possession of cocaine on March 21, 2006.  The entry of this guilty plea waived all claims previously presented by Black regarding his arrest and the evidence seized during the arrest. *Tollett v. Henderson*, 411 U.S. 258, 267 (1975) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack

---

*Code* § 13A-12-212. *Respondents' Exhibit B - Court Doc. No. 17-2* at 1-4.  Black also presents claims in this habeas petition regarding the constitutionality of a 15-year sentence allegedly imposed on the aforementioned misdemeanor possession of marijuana charge.  Contrary to this assertion, the relevant and controlling state court records establish that no conviction or sentence exists regarding this charge for possession of marijuana.

4

the voluntary and intelligent character of the guilty plea....").[6] The trial court therefore took no further action on the state habeas petitions. In addition, to the extent these petitions could be construed as continuing a motion to arrest judgment/motion to withdraw guilty plea, the petitions/motions would be deemed denied by operation of law on May 20, 2006 - the sixtieth day after sentencing on the March 21, 2006 conviction. Rule 24.4, *Alabama Rules of Criminal Procedure.* Moreover, the collateral state petitions did not challenge the constitutionality of the guilty plea or resulting conviction entered on March 21, 2006 as Black filed the petitions prior to entry of this guilty plea. In short, the state habeas petitions did not impact the limitation period applicable to the possession of cocaine conviction imposed upon Black on March 21, 2006.[7]

Upon review of the respondents' answers and applicable federal law, the court entered an order advising Black he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of March 1, 2010 - Court Doc. No. 22.* This order also provided Black an opportunity to show cause why his habeas

---

[6] The Supreme Court has subsequently recognized that the *Tollet* bar on collateral challenges to pre-plea constitutional errors does not apply to claims which implicate the government's authority to prosecute the defendant. *United States v. Broce*, 488 U.S. 563, 574-576 (1989). These exceptions, however, do not apply to Black's claims attacking the constitutionality of his arrest, the search of his person or the seizure of evidence. *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("Our decisions in *Tollett* and the cases that followed simply recognized that when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.... Therefore, the conclusion that a Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty does not rest on any notion of waiver, but rests on the simple fact that the claim is irrelevant to the constitutional validity of the conviction.").

[7] Even if the court utilized May 20, 2006 as the triggering date relevant to filing a notice of appeal from the March 21, 2006 conviction thereby rendering finality of judgment in July of 2006, the federal limitation period still expired over two years prior to Black filing the instant petition.

petition should not be barred from review by this court as untimely filed. *Id*. at 4. Black filed responses to this order in which he does not dispute his failure to file this habeas petition within one year of the finality of his conviction. *Petitioner's Initial Response - Court Doc. No. 23* at 1. Black, however, argues the limitation period does not apply to the instant habeas petition because his claims entitle him to relief from this court. *Id*. at 1-2. Black also continues to argue about the possession of marijuana charge - a charge on which no conviction or sentence exists as the trial court *nol prossed* this charge. *Id*.; *Petitioner's Amendment to the Response - Court Doc. No. 24* at 1.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Black failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

6

> The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which a petition may be filed. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari

expires. *Id.*

On March 21, 2006, Black entered a guilty plea before the Circuit Court of Lee County, Alabama to the sole charge of possession of cocaine, and the trial court immediately imposed sentence upon Black for this conviction. Black did not appeal his conviction for possession of cocaine. Because Black failed to take a direct appeal, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Black's conviction for possession of cocaine became final on May 2, 2006 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his conspiracy conviction expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the state court). The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) therefore began to run on May 3, 2006.[8] In the absence of either statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling, the limitation period relevant to the challenged conviction expired on May 3, 2007. The petition in this case was filed on November 12, 2009.

---

[8] The day of the act or event which triggers the start of the designated time period shall be excluded in computing the running of the period. Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

## B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed Black failed to properly file any application for post-conviction relief or collateral review in the state courts challenging his conviction for possession of cocaine imposed pursuant to the March 21, 2006 guilty plea. Thus, Black is not entitled to statutory tolling of the limitation period.

## C. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this

extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Black argues his habeas petition is not subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) because this court has jurisdiction to review his claims, and the claims are meritorious. *Petitioner's Initial Response - Court Doc. No. 23* at 1-2. Black further argues his challenge to the legality of the sentence imposed, a claim he repeatedly and mistakenly alleges relates to "a 15 year sentence ... he is doing on possession of marijuana a misdemeanor...." *id*. at 2, is a jurisdictional issue which, under state law, may be raised at any time. *Id*. at 1.

Initially, neither 28 U.S.C. § 2244(d)(1)(A) nor federal case law provides an exception to application of the one-year period of limitation for alleged jurisdictional issues or general issues which a petitioner believes entitle him to relief. The court further finds that no government impediment existed to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right. Moreover, the factual predicates of Black's claims for federal habeas relief were available to him at the time he entered his guilty plea and upon imposition of the sentence for his possession of cocaine conviction. These claims therefore fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Thus, the instant habeas petition is properly subject to the one-year period of limitation mandated by federal law.

### D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes Black has failed to present any credible basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on May 3, 2006 and ran uninterrupted without either statutory or equitable tolling until its expiration on May 3, 2007. Black filed the instant petition for federal habeas relief on November 9, 2009, over 2 years after expiration of the federal limitation period. Black has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed. Thus, the court concludes that the instant petition for habeas corpus relief is due to be denied as Black failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Lorinza Black on November 9, 2009 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that **on or before April 18, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2012.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE